

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Wayne Lafevre
County Auditor
Clay County
Henrietta, Texas

Dear Sir:

Opinion No. 0-5222
Re: Should penalty and interest be
assessed against property taxes of
a soldier or sailor during his ten-
ure of service in the armed forces
of the United States?

We have received and considered your letter of April 7,
1943, in which you request the opinion of this department as to
whether penalty and interest accrue on delinquent real and per-
sonal property taxes when the property is owned by a person in
the military service of the United States.

This department previously has decided that in case
of conflict between state law and the federal war power the
state law is superseded. Opinion No. 0-4646; Opinion No. 0-5165.
This being the rule, we must examine the Soldiers' and Sailors'
Civil Relief Act, as amended. The applicable portions read as
follows:

"Sec. 500. (1) The provisions of this section shall
apply when any taxes or assessments, whether general or
special (other than taxes on income), whether falling
due prior to or during the period of military service,
in respect of personal property, money, or credits, or
real property owned and occupied for dwelling, profes-
sional, business, or agricultural purposes by a person
in military service or his dependents at the commence-
ment of his period of military service and still so
occupied by his dependents or employees are not paid.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Wayne Lafevre, Page 2.

"(2) No sale of such property shall be made to enforce the collection of such tax or assessment, or any proceeding or action for such purpose commenced, except upon leave of court granted upon application made therefor by the collector of taxes or other officer whose duty it is to enforce the collection of taxes or assessments. The court thereupon, unless in its opinion the ability of the person in military service to pay such taxes or assessments is not materially affected by reason of such service, may stay such proceedings or such sale, as provided in this Act, for a period extending not more than six months after the termination of the period of military service of such person.

"(3) When by law such property may be sold or forfeited to enforce the collection of such tax or assessment, such person in military service shall have the right to redeem or commence an action to redeem such property, at any time not later than six months after the termination of such service, but in no case later than six months after the date when this Act ceases to be in force; but this shall not be taken to shorten any period, now or hereafter provided by the laws of any State or Territory for such redemption.

"(4) Whenever any tax or assessment shall not be paid when due, such tax or assessment due and unpaid shall bear interest until paid at the rate of 6 per centum per annum, and no other penalty or interest shall be incurred by reason of such nonpayment. Any lien for such unpaid taxes or assessment shall also include such interest thereon.

"Sec. 700. (1) A person may, at any time during his period of military service or within six months thereafter, apply to a court for relief in respect of any obligation or liability incurred by such person prior to his period of military service or in respect of any tax or assessment whether falling due prior to or during his period of military service. The court, after appropriate notice and hearing, unless in its opinion the ability of the applicant to comply with the terms of such obligation or liability or to pay such tax or assessment has not been materially affected by reason of his military service, may grant the following relief:

". . . .

"(b) In the case of any other obligation, liability, tax, or assessment, a stay of the enforcement thereof during the applicant's period of military service and, from the date of termination of such period of military service or from the date of application if made after such service, for a period of time equal to the period of military service of the applicant or any part of such period, subject to payment of the balance of principal and accumulated interest due and unpaid at the date of termination of such period of military service or the date of application, as the case may be, in equal periodic installments during such extended period at such rate of interest as may be prescribed for such obligation, liability, tax, or assessment, if paid when due, and subject to such other terms as may be just.

"(2) When any court has granted a stay as provided in this section no fine or penalty shall accrue during the period the terms and conditions of such stay are compiled with by reason of failure to comply with the terms or conditions of the obligation, liability, tax, or assessment in respect of which such stay was granted."

Sec. 500 (4) specifically provides that a tax or assessment when past due shall bear interest at the rate of 6 per centum per annum but that no other penalty or interest shall be incurred. This provision supersedes the penalties to be applied in accordance with Art. 7336 V. A. C. S. However you will note that Sec. 500 and the subsections thereto are limited in their application to taxes or assessments in respect of personal property, money, or credits, or real property owned and occupied for dwelling, professional, business or agricultural pruposes by a person in military service or his dependents at the commencement of his military service and still so occupied by his dependents or employees. (Emphasis ours.)

This section does not provide any relief against penalties and interest accruing on delinquent real property taxes by virtue of Art. 7336 V. A. C. S. if the person in military service did not fulfill the prescribed conditions set out in Sec. 500 (1) of the Act.

Honorable Wayne Lafevre, Page 4.

Turning to a consideration of Sec. 700 (1), subsections (1) (b) and (2), which grant further relief, we find that the person in military service must make application to a court for the relief provided which may be granted at the discretion of the court. This section and the subsections thereto do not inhibit the imposition of penalties and interest as provided for in Art. 7336 V. A. C. S., but merely grant the proper court the discretionary power to fix a just rate of interest when its jurisdiction attaches.

You are advised therefore that no penalties or interest exceeding 6 per centum per annum may be assessed against delinquent taxes in respect of personal property, money, or credits, whether falling due prior to or during the period of military service. However, the schedule of penalties and interest provided in Art. 7336 V. A. C. S., shall apply to delinquent real property taxes when the person in military service did not own and occupy his real property for dwelling, professional, business or agricultural purposes, at the commencement of his period of military service or when said property is not still so occupied by his dependants or employees.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Woodrow Edwards*

Woodrow Edwards
Assistant

WE:pm

APPROVED APR 27 1943

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN